THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JC HILL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| -vs- ) | Case No. CIV-09-07-R |
| ) | |
| KAISER-FRANCIS OIL COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on the Plaintiff's Motion to Quash and/or Motion for Protective Order, and Defendant's corresponding Motion to Compel. The parties filed expedited responses and replies in light of the exigent nature of the current issue, and having reviewed the parties' filings, the Court finds as follows.

Defendant, with agreement of the Plaintiff noticed the depositions of two individuals, Dan Reineke and Steve Reese for February 22, 2012 and February 28, 2012, respectively. Plaintiff no longer agrees to the depositions and seeks to quash both. Mr. Reineke was Plaintiff's retained expert witness who testified on behalf of certification of the class. Plaintiff represents that Mr. Reineke has withdrawn from this case as an expert, and therefore is not subject to deposition by Defendants. Mr. Reese remains an expert witness on behalf of the class, however, Plaintiff contends his deposition is premature, because the July 1, 2012 deadline for expert reports has not yet passed. Plaintiff contends deposition of Mr. Reese before that date is premature under Federal Rule of Civil Procedure .

Defendant also seeks to compel Plaintiff to provide Barbara Ley, Plaintiff's expert on damages, for a deposition in excess of seven hours. Plaintiff contends Defendant should be able to adequately depose Ms. Ley in a seven hour time frame and further that deposition of Ms. Ley at this juncture is premature in light of the July 1, 2012 expert report deadline.

As noted, Mr. Reineke's deposition is scheduled for February 22, 2012. Plaintiff contends that because he has withdrawn entirely from this action that he is not subject to deposition by Defendant. Defendant contends, in part, that because Plaintiff's expert Barbara Ley indicated in her expert report that she consulted with and relied on information provided by Mr. Reineke, that it is appropriate that Defendant have the opportunity to depose him.

There are two distinct lines of cases stemming from the re-designation of an expert witness from testifying to non-testifying.. These cases, generally speaking, address the desire of a party to utilize the witness strictly for consulting purposes, as permitted and protected by Rule 26(b)(4)(D). The Court in *Hartford Fire Ins. Co., Inc. v. Transgroup Exp., Inc.*, 2009 WL 2916832 (N.D.Ill. Sept. 1, 2009), succinctly summarized the cases as follows:

> This Court is aware that a number of district courts have concluded that a party may, even after issuing an expert report, redesignate a testifying expert as a consulting expert in order to avoid a deposition. *See Estate of Manship v. United States*, 240 F.R.D. 229 (M.D.La.2006); *Ross v. Burlington Northern RR Co.*, 136 F.R.D. 638 (N.D.Ill.1991); *Mantolete v. Bolger*, 96 F.R.D. 179 (D.Ariz.1982); *Bailey v. Meister Brau, Inc.*, 57 F.R.D. 11 (N.D.Ill.1972). In these cases, the courts often noted that the purpose of deposing an expert is to prepare for cross-examination and concluded that where the expert is no longer expected to testify, no deposition is needed. Some courts have also noted that parties should be allowed to change their minds on their litigation strategy and should be able to protect from disclosure the work of their experts. Other

courts have concluded that once an expert is designated as testifying, that expert is taken out of the purview of Rule 26(b)(4)(B). *Meharg v. I-Flow Corp.*, Case No. 08 C 0184, 2009 WL 1867696 at *1 (S.D. Ind. June 26, 2009); *House v. Combined Ins. Co. of Amer.*, 168 F.R.D. 236, 245 (N.D.Iowa 1996) ("designation of an expert as expected to be called at trial, pursuant to Fed.R.Civ.P. 26(b)(4)(A), even if that designation is subsequently withdrawn, takes the opposing party's demand to depose and use the expert at trial out of the 'exceptional circumstances' category of Rule 26(b)(4)(B).").

*Id.* at *2.[1] Mr. Reineke, of course, occupies a unique position, because of the posture of this class action litigation. Plaintiff has not merely identified Mr. Reineke as an expert, but he has presented testimony during certification proceedings, provided evidence in response to Defendant's motions for summary judgment, and his opinions have been the basis, in part, for the opinions of at least one of Plaintiff's other experts.[2]

Plaintiff advocates for the Court to adopt the exceptional circumstances test of Rule 26(b)(4)(D). The Court declines to do so under the circumstances presented here, however, because as noted by Professor Stephen Easton in "it is not surprising that the Federal Rules of Civil Procedure contain no provision allowing a party to render a previously disclosed expert ineligible to testify by dedisclosing." Easton, *"Red Rover, Red Rover, Send that Expert Right Over": Clearing the Way for Parties to Introduce the Testimony of Their Opponent' Expert Witnesses*, 55 SMU L.Rev. 1427, 1469-71 (2002) (footnotes omitted). As

---

[1] The 2010 amendments to the Federal Rules of Civil Procedure numbered the expert witness provision from Rule 26(b)(4)(B) to 26(b)(4)(D).

[2] In her August 1, 2011 Expert Report, Ms. Ley states that she "consulted with and obtained information from Daniel Reineke, PE, an expert in this case which information is included in his expert report." Plaintiff does not state in its briefs that she definitively intends to supplement Ms. Ley's report with a report that neither references nor relies on Mr. Reineke's prior work on behalf of Plaintiff. Ms. Ley made a similar representation in her September 9, 2011 Supplemental Expert Report.

noted by one treatise, "[o]nce a party has designated an expert witness as someone who will testify at trial, the later withdrawal of that designation may neither prevent the deposition of that witness by the opposing party nor the expert's testimony at trial. 6 Moore's Federal Practice § 26.80[1][a](3d ed.). This Court follows the holding in *Hartford* and concluding that "a party may not use Rule 26(b)(4)(B) to shield from deposition an expert who has been identified as a testifying expert and whose report has been produced." *Id.* at *3. Although Mr. Reineke has withdrawn from this case, as noted above, his impact on the development of Plaintiff's theories and calculation of damages is apparent. The probative value of his testimony in light of his past participation and the impact of his opinions on the remainder of Plaintiff's case outweighs any potential prejudice to the Plaintiff. Accordingly, the Court finds that in light of the above, Defendant is entitled to Mr. Reineke's deposition in this action, despite Plaintiff's removal of Mr. Reineke from its list of anticipated witnesses in this case.

With regard to Mr. Reese, Defendant contends it should not be required to wait until July 1, 2012, when final expert reports are due, in light of the fact that Mr. Reese provided an expert report on August 1, 2011. Although Rule 26(b)(4)(A) provides that expert depositions may not proceed until an expert submits a report, the rule by its terms is inapplicable where, as here, the expert has provided a report. Although Mr. Reese may supplement his report and has until July 1, 2012 to do so, this right does not prevent Defendant from taking his deposition, and taking a another deposition in the event Mr. Reese issues a supplemental report. Accordingly, Defendant's motion to compel is granted in this

regard, and correspondingly, Plaintiff's motion to quash/motion for protective order is denied with regard to Mr. Reese.

In the Motion to Compel Defendant requests additional deposition time with Barbara Ley, Plaintiff's damages expert, having conducted five hours of the seven permitted by Rule 30(d)(1) and desires to take her deposition before July 1, 2012. For the reasons set forth above with regard to Mr. Reese, the Court grants Defendant's request to compel the deposition of Ms. Ley before July 1, 2012. With regard to the time permitted for Defendant's deposition of Ms. Ley, the Court finds as follows.

Rule 30(d)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." *Id.* The Court finds that in this case, where Ms. Ley serves as the primary Plaintiff's witness on damages and she is prepared to theorize that the class suffered in excess of $120,000,000.00 in damages, based on years of sales information, that Defendant would be hard pressed to complete her deposition in seven hours. The Court finds that Defendant has established good cause for extension of additional deposition time, and accordingly, Defendant is hereby permitted to conduct a total of 14 hours of deposition with Ms. Ley without requiring additional authorization from the Court.

Defendant's Motion to Compel is GRANTED as set forth further herein, and Plaintiff's Motion to Quash/Motion for Protective Order is DENIED.

IT IS SO ORDERED this 17th day of February, 2012.

                    */s/ David L. Russell*
                    DAVID L. RUSSELL
                    UNITED STATES DISTRICT JUDGE