**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| J.C. HILL and ALICE HILL, individually, and on behalf of others similarly situated, | ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-09-07-R |
| | ) |
| KAISER-FRANCIS OIL COMPANY, | ) |
| | ) |
| Defendant. | ) |

**FINAL ORDER AND JUDGMENT APPROVING
CLASS ACTION SETTLEMENT
<u>AND DISMISSING ACTION WITH PREJUDICE</u>**

The Court having reviewed the Settlement Agreement and all related pleadings and filings, and having also conducted a Fairness Hearing on July 30, 2013, and being fully advised in the premises, finds, orders, and adjudges as follows:

1.      This Court previously certified the below-described Class in this lawsuit by Order issued on June 9, 2010:

> All persons who own or owned minerals subject to an oil and gas lease in the State of Oklahoma from June 1, 2002 to the present (except agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma, and/or persons whom plaintiffs' counsel are, or may be, prohibited from representing pursuant to the Rules of Professional Conduct and/or overriding royalty owners and unleased mineral owners who have elected under an OCC forced pooling order to take the bonus/royalty option) wherein (1) they received royalty on the sale and disposition of gas from Oklahoma properties marketed and/or sold by Kaiser-Francis and/or its affiliates; and (2) their royalty payments were reduced as a result of the reduction of production volumes and/or production proceeds for marketing, gathering, compressing, dehydrating, treating, processing, or transporting of hydrocarbons produced from the unit.

2.      The Class Representative, Class Counsel, Defendant, and Defendant's Counsel have executed a Settlement Agreement dated March 28, 2013, which Settlement Agreement was duly filed with the Court for preliminary approval (*see* doc. #496).

3.      The Settlement Agreement is hereby incorporated by reference in this Order and Judgment and all terms defined in the Settlement Agreement will have the same meanings in this Order and Judgment.

4.      On April 2, 2013, the Court entered its Order preliminarily approving the Settlement Agreement (doc. #497) and scheduled a Fairness Hearing for July 30, 2013 to determine, among other matters:

a.      Whether the settlement of the Class Action Litigation on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be finally approved by the Court;

b.      Whether the notice method utilized by the Settling Parties: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated under the circumstances to apprise members of the Class of the pendency of the litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

c.      Whether to approve the Plan of Allocation and Distribution;

d.      Whether a final Judgment, release, and dismissal with prejudice should be entered herein;

e.      Whether Class Counsel's Motions for Fees and Expenses and award

of Class Representative Fees and Expenses (doc. #502) should be granted; and.

f.    Rule on such other matters as the Court deemed appropriate.

5.    The Court further ordered that the Notice of Settlement be given in accordance with the Plan of Notice, and hereby finds that due and proper notice was so given in substantial conformity with the Plan of Notice, constituted the best practicable notice under the circumstances, constituted notice reasonably calculated under the circumstances to apprise members of the Class of the pendency of the litigation and the Settlement, and the Notice of Settlement is in satisfaction of all applicable law. Not only was the Plaintiff Class given due and proper notice, the members of the Plaintiff Class were also afforded a reasonable opportunity to opt out of the settlement and/or be heard on any objection thereto and their right to appear at the Final Fairness Hearing. The Court therefore concludes it is unnecessary to afford further opportunity for the Plaintiff Class to opt out or object.

6.    A list of those members of the putative Class in this lawsuit who have validly opted out of this class settlement and the Class is attached to Plaintiffs' Declaration Regarding Opt-Outs (doc. #511). The persons listed the Declaration are not members of the Plaintiff Class, are not bound by any of the following provisions of this Order and Judgment, and are not entitled to receive any Distribution Check as a result of this settlement.

7.    The Court further ordered Defendant to provide notice to the U.S.

Attorneys General as required by 28 U.S.C. § 1715 and as set forth in the Settlement Agreement, and hereby finds that Defendant complied with such notice provisions. (*See* Kaiser-Francis Oil Co.'s Declaration of Compliance with CAFA (doc. #508)). None of the U.S. Attorneys General responded to this notice, which the Court construes as their assent to the settlement.

8.      In accordance with the Notice of Settlement, the Fairness Hearing was duly conducted before this Court on July 30, 2013.

9.      All named parties were present and represented by counsel at the Fairness Hearing. Also appearing were Plaintiff Class members DeeAnn Evetts, Mike and Donna Ellis, Verl Dean Johnson, Dustin Johnson, Carrie Askins, Andrew Monson, and Mary Eckhart and Objector Don Williams.

10.     The Court fulfilled its duty to independently evaluate the fairness, reasonableness, and adequacy of the Settlement Agreement and Class Counsel's Motion for Fees and Expenses by considering not only the pleadings and arguments of the Class Representative and Class Counsel, and the objections thereto, but also by rigorously and independently evaluating the Settlement Agreement and Class Counsel's Motion for Fees and Expenses on behalf of the absent class members. In so doing, the Court considered any argument that could reasonably be made against approval of same, even if such argument was not actually presented to the Court by pleading or oral argument. Following this review, the Court finds that the Settlement Agreement is fair, reasonable, and adequate within the meaning of Rule 23, and that the Settlement Agreement is

therefore approved.

11.     Having reviewed the four objections directed to the Court (only two of which, doc. #504 and #505, were filed of record), and having heard cross-examination and argument by Objector Don Williams, the Court specifically overrules the objections to the Settlement and/or the Motion for Fees and Costs.

12.     The Court further finds that the settlement between the Class Representative and Defendant embodied in the Settlement Agreement, and the sum to be distributed according to the Plan of Allocation, are fair, reasonable and adequate, and was entered into between the Class Representative, Class Counsel, Defendant, and Defendant's Counsel at arm's length and in good faith and without collusion, after two formal mediation attempts and a court-ordered settlement conference, and upon recommendation of the court-appointed settlement judge. The Settlement Agreement fairly reflects the complexity of the claims in this litigation, the duration of the litigation and extent of discovery, and the balance between the benefits of settlement which inure to the Plaintiff Class as compared to the costs and risks associated with continued prosecution of this action. *See, e.g., In Re Integra Realty Resources, Inc.*, 354 F.3d 1246 (10th Cir. 2004) (citing *Jones v. Nuclear Pharm., Inc.,* 741 F.2d 322 (10th Cir. 1984)). The Plan of Allocation and Distribution is likewise fair, reasonable, and adequate.

13.     In finally approving the Settlement Agreement, the Court notes that, by agreeing to settle the Class Action Litigation, neither the Plaintiff Class nor the Defendant admit any of the claims, defenses, or other assertions made against them by

the opposing party, and that they specifically deny any and all liability to the opposing party. The Court therefore makes no rulings and expresses no opinions as to the merits of any claims or defenses, except to note that the Settlement Agreement is a fair compromise thereof and will result in substantial savings of time and resources to the Court and the parties, and will further the interests of justice.

14.     This action and all claims asserted in this action are hereby DISMISSED WITH PREJUDICE to the refiling of same or any portion thereof. The Court retains jurisdiction to administer the settlement distribution process as contemplated in the Settlement Agreement. Notwithstanding the jurisdiction that this Court retains to administer the settlement distribution process and nothing in this Judgment shall bar any action or claim by any of the parties to enforce or effectuate the terms of the Settlement Agreement, Plan of Allocation or this Judgment, this Order and Judgment fully disposes of all claims and parties, and this Order and Judgment therefore is a final appealable Order and Judgment.

15.     Each member of the Plaintiff Class is hereby ordered and adjudged to have conclusively released the Released Claims against the Released Parties as defined in the Settlement Agreement. Each member of the Plaintiff Class is further barred and permanently enjoined from prosecuting, commencing, or continuing any of the Released Claims against the Released Parties.

16.     All documents designated as confidential by any party pursuant to any Confidentiality Agreement and/or Protective Order in this action shall be returned to the

producing party within 30 days after the date of this Order and Judgment becoming Final and Non-Appealable and/or as set forth in the Settlement Agreement.

17.     The Settlement Agreement may not be used, offered, admitted or received into evidence for any purpose whatsoever, in any subsequent litigation, action or proceeding of any kind, other than to enforce the terms of the Agreement.

IT IS THEREFORE ORDERED, ADJUDGED AN DECREED this 30th day of July, 2013.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**